UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW BLACKBURN MCKEE )<br>)<br>Defendant. ) | Cause No. 4:07-CR-02-01-DFH-MGN |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable David F. Hamilton, U.S. District Court Judge, on December 3, 2007, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on November 29, 2007, and to submit to Judge Hamilton proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). An Initial Hearing in this matter was held on January 7, 2008, and disposition proceedings were held on January 10, 2008, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*. The defendant, Andrew Blackburn McKee, appeared in person with his appointed counsel, William Yesowitch. The government appeared by Winfield Ong, Assistant United States Attorney. U.S. Parole and Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On January 7, 2008, William Yesowitch, was present for the initial hearing and was appointed by the Court to represent Mr. McKee in regard to the pending Petition for Violation of the Terms of Supervised Release.

2. A copy of the Petition for Violation of the Terms of Supervised Release was provided to Mr. McKee and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. McKee was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. McKee was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. McKee was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. McKee was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. McKee had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Hamilton's designation entered on December 3, 2007.

7. Mr. McKee requested a preliminary hearing and a detention hearing, and both were scheduled on January 10, 2008, at 2:00 p.m.

8. On January 10, 2008, Mr. McKee stated his readiness to waive the preliminary hearing and detention hearings and to proceed with the revocation hearing. Mr. McKee then waived, in writing, the preliminary hearing.

9. The parties then advised the Court that they had reached an agreement of disposition which they wished to submit to the Court.

10. The parties stipulated the following in open Court:

a. The United States moved to dismiss Violation Number 2 of the Petition for Violation of the Terms of Supervised Release.

b. As to Violation Number 1 of the Petition for Violation of the Terms of Supervised Release, the defendant admitted in open Court that he had violated this condition.

c. The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve six (6) months of imprisonment followed by two (2) years of supervised release.

11. The Court then proceeded to a revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Number 1 of said Petition. The Court placed Mr. McKee under oath and inquired of him whether he admitted to the specifications alleged in the Petition for Violation of the Terms of Supervised Release, and Mr. McKee admitted the violations contained in Violation Number 1. The Court found there was a basis in fact for revocation in regard to Violation Number 1. That violation is summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall refrain from any unlawful use of a controlled substance."* |

    On August 31, 2007, the defendant submitted a urine specimen that tested positive for methamphetamine. On September 19, 2007, the defendant was interviewed by this officer and admitted consuming one gram of methamphetamine. He provided a written admission and was enrolled in intensive drug testing and treatment per his special condition of supervision. Please refer to the petition dated October 22, 2007.

    On November 3, 2007, the defendant was involved in a single-car accident in Scottsburg, Indiana. A Scott County, Indiana, Sheriff's deputy responded to the accident and discovered 3.6 ounces of powder cocaine in the cup holder inside the vehicle. This case is being reviewed by the Scott County, Indiana, Prosecutors Office for possible charges. The defendant informed this officer of the accident immediately upon release from the hospital.

12. Based on the information available to the Court, the Court further finds the following:

    1) Mr. McKee has a relevant criminal history category of II. *See,* U.S.S.G. §7B1.4(a).

    2) The most serious grade of violation committed by Mr. McKee constitutes a Grade B violation, pursuant to U.S.S.G. §7B1(a)(3).

    3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. McKee is 6-12 months.

    4) The appropriate disposition for Mr. McKee's violation of the condition of supervised release is as follows:

        *(a)* Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of six (6) months with credit for time served.

        *(b)* Following the six-month term of imprisonment, the defendant shall be placed on supervised release for a period of two (2) years.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Number 1 of the Petition. The Court dismisses Violation Number 2 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Mr. McKee shall be committed to the Bureau of Prisons to serve a term of imprisonment of six (6) months. It is further ordered that upon completion of the term of imprisonment, the defendant shall be placed on supervised release for a period of two (2) years in accordance with the standard and special conditions of supervised release previously imposed. Pursuant to the defendant's request, the Court recommends that the defendant's term of imprisonment be served in Terre Haute, Indiana, and that the defendant be considered for credit for time served since his arrest on January 4, 2008.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. McKee's supervised release.

**IT IS SO RECOMMENDED** this _17_ day of January, 2008.

Michael Naville, Magistrate Judge
United States District Court

Distribution:

Winfield Ong
Assistant U.S. Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204

William Yesowitch
100 North Sixth Street
Louisville, KY 40202

U.S. Marshal

U.S. Probation Office